PER CURIAM.
This is an original petition for a writ of certiorari seeking review of a trial court order requiring the Office of the State Attorney for the Eleventh Judicial Circuit of Florida to pay one half the expense for the preparation of a court exhibit which was ordered by the Public Defender for the Eleventh Judicial Circuit of Florida in defending an insolvent defendant charged with first degree murder and other offenses below. We conclude that the order under review constitutes a departure from essential requirements of law as there was no legal authority for the entry of such an order. The petition for a writ of certiorari is, accordingly, granted and the order under review is quashed.
It appears without dispute that on January 13, 1981, Angel Martinez was charged by information with one count of first degree murder, three counts of attempted first degree murder, and one count of unlawful possession of a firearm while engaged in a criminal offense, before the Circuit Court for the Eleventh Judicial Circuit of Florida. The trial court adjudicated the defendant Martinez insolvent and appointed the Public Defender to represent the said defendant. The trial court further entered an order authorizing counsel for the defense “to prepare this case and utilize all necessary procedures toward that end, including the expenditures of reasonable costs incurred as a result of the investigation, the location of witnesses and general preparation of this cause for trial.”
In the course of preparing the case for trial, the assistant public defender assigned to represent the defendant Martinez contracted with an outside party to construct a fairly elaborate scale model of the house where the subject crimes took place in the instant case. The public defender did not receive prior court approval for this cost which amounted to approximately $3,400. After its construction, the assistant public defender in question showed the scale model to the assistant state attorney handling the case for the state. Apparently, the assistant state attorney utilized the exhibit thereafter in speaking with various witness *1357 es in the case and also stated that he might utilize the exhibit if the case went to trial. At no time, however, did the Office of the State Attorney order the preparation of this exhibit or agree to pay for its cost.
After extensive pre-trial investigation and discovery by both parties in the case, the state became convinced that the defendant Martinez was entirely innocent of the crimes for which he was charged, and, accordingly, nolle pressed the case against him. The public defender thereafter filed a motion to order Dade County to pay for the above-stated exhibit as a reasonable and necessary expense in defending the case. The trial court heard argument on this motion but made no formal ruling thereon. The trial court, however, entered a sua sponte order requiring the Office of the State Attorney for the Eleventh Judicial Circuit of Florida to bear one half the cost of this exhibit, with the public defender required to pay the balance. The basis for this order was the court’s conclusion that the Office of the State Attorney had agreed to use this exhibit at the trial of the cause. The state seeks certiorari review of this order.
We are cited to no legal authority, and our independent research has revealed no legal authority, to support the trial court’s order herein. True, Sections 925.035(6), 939.07, 939.15, Florida Statutes (1981), do provide for the payment of certain costs in criminal cases where the defendant, as here, is insolvent. Under these statutes, however, it is the county wherein the prosecution originates .which must bear these costs; there is no provision in these or any other Florida statutes requiring the Office of the State Attorney which prosecuted the action, as here, to pay for such costs.
It is urged, however, that the exhibit herein was, in part, an expense incurred by the state in prosecuting this action, and is therefore payable out of the budget of the State Attorney for the Eleventh Judicial Circuit of Florida as as legitimate investigative expense. See §§ 27.25(4), 27.-33(l)(h), Fla.Stat. (1981). We cannot agree. True, the state attorney may have used this exhibit in its pre-trial investigation of the case and may have indicated that it would utilize it for certain purposes at the trial of this cause. The fact remains, however, that the public defender ordered the preparation of the exhibit and incurred the cost for same, not the state attorney. The state . attorney was in no way consulted prior to the ordering of this exhibit and in no way agreed, either directly or indirectly, to pay for the said exhibit. It is a matter of common experience that practicing lawyers on both sides of a lawsuit will frequently utilize one another’s exhibits for various purposes, either pre-trial or at trial; this does not mean, however, that the lawyer who does so assumes financial responsibility for paying for the preparation of his adversary’s exhibit. The state attorney herein did not order the preparation of the scale model exhibit and is therefore not responsible for paying for said exhibit in any respect.
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to rule on the public defender’s motion to assess costs against Dade County for the scale model exhibit prepared herein. As previously stated, the trial court did not formally rule on this motion and should therefore do so upon remand.