706 So.2d 367 (1998)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner,
v.
A.A.ST.M., a Child, Respondent.
No. 97-1086.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
James A. Sawyer, Jr., Orlando, for Petitioner.
No Appearance for Respondent.

ON MOTION FOR REHEARING EN BANC
GOSHORN, Judge.
We grant the Department of Children and Family Services' motion for rehearing en banc, withdraw the opinion issued August 29, 1997, and substitute the following opinion in its place.
The Department of Children and Family Services [the Department] seeks certiorari review of a trial court order committing an incompetent juvenile, accused of delinquent acts which would constitute only misdemeanor violations of the law if she were an adult, to the custody of the Department pursuant to the court's holding that subsection 39.0517(1), Florida Statutes (Supp.1996) authorizes such a commitment. The Department argues, and we agree, that the statute limits commitment only to juveniles alleged to have committed a delinquent act which would be a felony if committed by an adult. Accordingly, we grant the petition and quash the order committing the child to the Department's custody.
Subsection 39.0517(1), Florida Statutes, (Supp.1996), which became effective October 1, 1996,[1] provides in part:
If, at any time prior to or during a delinquency case involving a delinquent act or violation of law that would be a felony if committed by an adult, the court has reason to believe that the child named in the petition may be incompetent to proceed... the court ... may or on the motion of the child's attorney or state attorney must, stay all proceedings and order an evaluation of the child's mental condition.
(Emphasis added). Subsection 39.01(75), Florida Statutes (Supp.1996) gives the terms *368 "violation of law" and "delinquent act" the same meaning, at least for the purposes of Chapter 39, Florida Statutes:
"Violation of law" or "delinquent act" means a violation of any law of this state, the United States, or any other state which is a misdemeanor or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult.
Given the common definition of "violation of law" and "delinquent act" in subsection 39.01(75), the only logical way to read the operative sentence of subsection 39.0517(1) is to attach the dependent clause "that would be a felony if committed by an adult" to both "delinquent act" and "violation of law"; i.e., the clause modifies both terms rather than only "violation of law." Thus, where, as here, the juvenile incompetent has committed a delinquent act, the juvenile incompetent may be involuntarily committed only if the act would constitute a felony had it been committed by an adult. Any other conclusion would require us to disregard the definition provided in subsection 39.01(75).
The petition for certiorari is therefore granted and the order under consideration quashed.
GRIFFIN, C.J., COBB, W. SHARP, HARRIS, PETERSON and THOMPSON, JJ., concur.
DAUKSCH, J., dissents, with opinion, in which ANTOON, J., concurs.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
The language in the statute is ambiguous at best and should be interpreted against the state and in favor of the child. As stated in the original opinion in this case:
The Department incorrectly asserts that section 39.0517(1), Florida Statutes (Supp. 1996), limits commitment only to juveniles accused of felony offenses. The disjunctive language in the statute allowing commitment in a delinquency case "involving a delinquent act or violation of law that would be a felony if committed by an adult" [emphasis added] authorizes commitment of an incompetent juvenile charged with a delinquent act whether or not that act is equivalent to a felony. See § 39.0517(1), Fla. Stat. (Supp.1996); Fla. R. Juv. P. 8.095.
Our legislature has declared that:
The purposes of this chapter are:
To provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual and physical development.

It is the intent of the Legislature that this chapter be liberally interpreted and construed in conformity with its declared purpose. (emphasis added).
§ 39.001, Fla. Stat. (Supp.1996).
Because the statute logically can be interpreted to provide for commitment for mental health treatment for this child, I am of the opinion it should be so interpreted. That is in accordance with the general intent of the legislature, and it helps a child.
ANTOON, J., concurs.
NOTES
[1] Ch. 96-398, § 4, at 1782, Laws of Fla. Subsection 39.0517(2), Florida Statutes, (Supp.1996), which was adopted at the same time, provides for the involuntary commitment of a juvenile who has been adjudicated incompetent.