752 So.2d 87 (2000)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant/Petitioner,
v.
J.K., a minor child, and the State of Florida, Appellees/Respondents.
Department of Children and Families, Appellant/Petitioner,
v.
H.H., a minor child, and the State of Florida, Appellees/Respondents.
Nos. 1D99-2534, 1D99-2581.
District Court of Appeal of Florida, First District.
February 28, 2000.
*88 John R. Perry, Assistant District Legal Counsel; Robert A. Butterworth, Attorney General; Daniel A. Davis, Assistant Attorney General, Tallahassee, for Appellant/Petitioner.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellees/Respondents.
LAWRENCE, J.
The Department of Children and Families (Department), petitions this court for a writ of certiorari seeking to quash the orders of the circuit court committing the children J.K. and H.H., to the Department for restoration-of-competency treatment. Both cases, 99-2534 and 99-2581, were consolidated for purposes of appeal because each case involved the same circumstances where a child had been committed to the Department for restoration-of-competency treatment.
J.K. and H.H. were committed to the Department for restoration of competency treatment after being charged with a misdemeanor. Section 985.223(2), Florida Statutes (Supp.1998), provides:
(2) A child who is mentally ill or retarded, who is adjudicated incompetent to proceed, and who has committed a delinquent act or violation of law, either of which would be a felony if committed by an adult, must be committed to the Department of Children and Family Services for treatment or training. A child who has been adjudicated incompetent to proceed because of age or immaturity, or for any reason other than for mental illness or retardation, must not be committed to the department or to the Department of Children and Family Services for restoration-of-competency treatment or training services. For purposes of this section, a child who has committed a delinquent act or violation of law, either of which would be a misdemeanor if committed by an adult, may not be committed to the department or to the Department of Children and Family Services for restoration-of-competency treatment or training services.
The State argues that the Department, by failing to object to the commitment in the proceedings below, failed to preserve this issue for appellate review. However, since the Department was not provided notice of the proceedings and was not a party to the proceedings, the Department *89 had no way of objecting to the trial court's decision.
Because J.K. was committed to the Department following a misdemeanor charge, the commitment was a clear departure from the essential requirements of law under the language of section 985.223(2).
H.H. was likewise committed to the Department based upon a non-felony charge. However, unlike J.K., H.H. had also been charged in other pending cases with contemporaneous felony offenses for which he was properly committed to the Department for restoration-of-competency treatment. Thus, as to H.H., this court can afford the Department no remedy by granting the instant petition and it must be denied.
Accordingly, in case number 99-2534, we grant the Department's petition for writ of certiorari as to J.K., quash the order under review, and remand with directions to vacate the order committing J.K. to the Department for restoration-of-competency treatment.
In case number 99-2581, the Department's petition for writ of certiorari as to H.H. is denied.
BARFIELD, C.J. and BROWNING, J., concur.