831 So.2d 782 (2002)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
J.H., Respondent.
No. 4D02-2744.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
*783 Richard E. Doran, Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Ft. Lauderdale, for petitioner.
Karen E. Black-Barron, Ft. Lauderdale, for respondent.
PER CURIAM.
The Department of Children and Families (DCF) seeks review of an order requiring it to commit to, and to provide funding to pay for therapy and any and all necessary evaluations for a dependent child. The order provides further that therapy must be provided by a specific therapist, and that it must be provided on a long term basis. We treat the appeal as a request for certiorari review and grant relief. Dep't of Children & Families v. Anderson, 27 Fla. L. Weekly D2313, ___ So.2d ___, 2002 WL 31375079 (Fla. 4th DCA Oct.23, 2002).
Though well intended, the trial court's order ignores DCF's funding issues, which were detailed at the hearing. See In re L.W., 615 So.2d 834 (Fla. 4th DCA 1993); Dep't of Juvenile Justice v. C.M., 704 So.2d 1123 (Fla. 4th DCA 1998); see also Dep't of Health & Rehabilitative Servs. v. State, 616 So.2d 91 (Fla. 5th DCA 1993). We reject respondent's position that this case warrants exercise of the "doctrine of inherent judicial power." See Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978).
Our review of the record reflects that DCF was not refusing to fund the requested treatment. At the June 2002 hearing, DCF guaranteed funding through July 1st. DCF could not provide such guarantee for the following fiscal year, but assured the court that there was a 99% probability that the funding would continue after July 1st.
Accordingly, we grant relief and remand the case for further proceedings consistent with this opinion.
WARNER, SHAHOOD and HAZOURI, JJ., concur.