861 So.2d 1274 (2003)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Jeffery HARTER, Respondent.
No. 5D03-3030.
District Court of Appeal of Florida, Fifth District.
December 19, 2003.
Ralph J. McMurphy, Wildwood, for Petitioner Department of Children and Families.
Elizabeth Osmond, Brooksville, for Respondent.
PLEUS, J.
The Department of Children and Families seeks certiorari review of a circuit court order entered in a commitment proceeding following a criminal prosecution. Respondent, Jeffery Harter, was found not guilty by reason of insanity and was involuntarily committed to the Department. The circuit court subsequently entered an order finding that Harter continued to meet the criteria for involuntary commitment. The court also found that Harter was in need of intensive treatment as a *1275 sexual offender and directed the Department to provide immediate treatment. The Department challenges this order and maintains that Harter has been placed in a secure forensic facility which is not equipped to provide sexual offender therapy. The Department contends that the circuit court bypassed the procedures of the Jimmy Ryce Act[1], and has ordered sexual offender treatment before Harter is released from his involuntary commitment for insanity. To comply with the court's order, the Department would be required to either transfer qualified staff from its civil Jimmy Ryce facility to the facility where Harter has been placed, or transfer Harter to the civil Jimmy Ryce facility before the trial court has determined whether Harter can be released from his present commitment.
Although the Department was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available. The Department claims that the court exceeded its authority in directing it, as Harter's legal custodian, to provide a specific treatment. Cf. Department of Children and Families v. W.M.J., 849 So.2d 1147 (Fla. 5th DCA 2003); Department of Children and Families v. M.C., 847 So.2d 598 (Fla. 5th DCA 2003); Department of Children and Families v. E.M.S., 841 So.2d 621 (Fla. 5th DCA 2003).[2]
Section 916.15(2), Florida Statutes (2002), states in pertinent part:
Every defendant acquitted of criminal charges by reason of insanity and found to meet the criteria for involuntary commitment may be committed and treated in accordance with the provisions of this section and the applicable Florida Rules of Criminal Procedure. The Department shall admit a defendant so adjudicated to an appropriate facility or program for treatment and shall retain and treat such defendant.
This statute gives the Department, not the committing court, authority to place and treat a defendant committed to its custody. See also Fla. R.Crim. P. 3.218(a). The court determines whether the defendant should be involuntarily committed, and retains jurisdiction to determine whether a committed defendant should continue to be hospitalized or released from commitment. See §§ 916.15(1) and 916.16(1), Fla. Stat. (2002); Fla. R.Crim. P. 3.217(b) and 3.218(b). The court, however, may not direct that a defendant be placed in a particular facility or receive a specialized treatment.
In Department of Children and Families v. Morrison, 727 So.2d 404 (Fla. 3d DCA), rev. denied, 741 So.2d 1136 (Fla. 1999), a juvenile was charged as an adult with first degree murder, found incompetent to proceed to trial, and committed to the Department. The trial court in its commitment order directed that defendant be placed in a secure facility where there is no contact between juveniles and adult patients. The Third District Court of Appeal quashed the commitment order, holding that the trial court in committing the defendant could not direct the placement *1276 of defendant in a specific type of facility or issue instructions on the manner of treatment. Likewise, in the instant case, the trial court lacks authority to direct the Department to provide sexual offender treatment as part of Harter's continuing commitment for insanity. We therefore grant the petition for writ of certiorari, and quash the order under review.
PETITION GRANTED; ORDER QUASHED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] See § 394.910, et seq., Fla. Stat. (2002).
[2] In the above-cited juvenile cases, this court by certiorari reviewed orders in which children charged with delinquent acts equivalent to misdemeanors and found to be incompetent were committed to the Department of Children and Families with the goal of restoring their competency to proceed. A statute expressly prohibits juveniles so charged from being committed to the Department for restoration of competency. See § 985.223(2), Fla. Stat. (2002). This court therefore quashed the orders under review.