867 So.2d 592 (2004)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
C.R.C., a Child, Respondent.
No. 5D03-2333.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
*593 Ralph J. McMurphy, Wildwood, for Petitioner.
No appearance for Respondent.
PETERSON, J.
Petitioner, the Department of Children and Families, ("DCF"), petitions for a writ of certiorari to vacate an order adjudicating the respondent, C.R.C.,[1] a minor, incompetent to proceed after being charged with shooting a BB gun at a passing railroad train. The trial court committed C.R.C. to DCF for placement in a community treatment program. The order specified that based on the written reports of two doctors, C.R.C. does not meet the criteria for competency due to mental illness.
We agree with DCF that the court departed from the essential requirements of the law in ordering C.R.C.'s placement with DCF because the record does not support a finding of mental illness or mental retardation as required by section 985.223(2), Florida Statutes (2002).[2]
The order under review is a form order with the names of the two examiners listed. The trial court noted the following in its findings of fact: "1. Defendant does not meet the criteria for competency. 2. Defendant does not meet criteria for involuntary commitment."
Section 985.223(2) provides:
A child who is mentally ill or retarded, who is adjudicated incompetent to proceed, and who has committed a delinquent act or violation of law, either of which would be a felony if committed by an adult, must be committed to the Department of Children and Family Services for treatment or training. A child who has been adjudicated incompetent to proceed because of age or immaturity, or for any reason other than for mental illness or retardation, must not be committed to the department or to the Department of Children and Families for restoration of competency treatment or training. (Emphasis added).
In the instant case, the trial court received two reports from the examining psychologists indicating that the child was not competent to proceed to trial based only on the child's age and understanding; neither examiner based the finding of incompetency *594 on mental illness or retardation. However, the form order indicates the child was found to be incompetent due to mental illness and was committed to DCF for restoration of competency. The findings are not supported by the written reports of the examiners and the order departs from the essential requirements of the law by ordering commitment pursuant to section 985.223 without competent substantial evidence to support the finding of mental illness or retardation.
We grant the petition, issue the writ, quash the commitment order, and remand for further proceedings.
PETITION GRANTED; WRIT ISSUED; ORDER QUASHED; and REMANDED.
SAWAYA, C.J., and GRIFFIN, J., concur.
NOTES
[1] The respondent did not file a response to this petition although we granted its motion to extend the time for a response.
[2] If at any time during delinquency proceedings the trial court has reason to believe that a child is incompetent, an evaluation of the child's mental condition shall be ordered. § 985.223(1), Fla. Stat. (2002). All determinations of competency shall be made at a hearing based upon the evaluation of not less than two and not more than three examiners. § 985.223(1)(b), Fla. Stat. (2002). All court orders determining incompetency must include specific written findings by the court as to the nature of the incompetency and whether the child requires secure or nonsecure treatment. § 985.223(1)(c), Fla. Stat. (2002).