884 So.2d 1147 (2004)
DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Jeremy GRUBBS, Respondent.
No. 2D04-1516.
District Court of Appeal of Florida, Second District.
October 27, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sara K. Cunningham, Assistant Attorney General, Tampa, for Appellant.
Jeremy Grubbs, Sarasota, pro se.
WHATLEY, Judge.
The Department of Corrections (DOC) petitions this court for a writ of certiorari to quash the order of the trial court that directs it to pay for Grubbs' sex offender treatment. We grant the petition.
Grubbs was placed on one year of sex offender community control to be followed by four years of sex offender probation after the trial court adjudicated him guilty of lewd and lascivious act by a person over eighteen years of age on a child under sixteen years of age. As a condition of probation, Grubbs was ordered to complete a sex offender treatment program "at the probationer's or community controlee's own expense." Nevertheless, the trial court subsequently entered an order modifying community control to require DOC "to pay for treatment re: sex offender counseling for deaf client."
DOC, a nonparty to the criminal proceeding, filed a petition for writ of certiorari in this court seeking relief from the trial court's order. We have jurisdiction because DOC's nonparty status deprives it of an adequate remedy by direct appeal. See Dep't of Health and Rehabilitative Servs. v. Myers, 675 So.2d 700 (Fla. 4th DCA 1996).
In this proceeding, DOC argues that the trial court's order violates the doctrine of separation of powers. Art. II, § 3, Fla. Const. We agree. The trial court's order departs from the essential requirements of law by requiring a separate *1148 branch of government to spend its funds. The judiciary branch may not interfere with legislative discretion in determining the funds required of an executive branch agency nor with the agency's executive discretion in spending appropriated funds. Dep't of Juvenile Justice v. C.M., 704 So.2d 1123 (Fla. 4th DCA 1998) (reversing court order directing DJJ to pay for hospital evaluation of juvenile). See also Dep't of Children and Family Servs. v. Birchfield, 718 So.2d 202 (Fla. 4th DCA 1998) (reversing order holding DCF in contempt for failing to place appellee in specific program on ground that court's consideration of DCF's ability to move funds to effectuate placement violated separation of powers because it was tantamount to directing DCF how to spend its funds). The legislature has determined that all those who are placed on community supervision for, inter alia, committing a lewd and lascivious act must as a condition of that supervision participate in and successfully complete a sex offender treatment program at their own expense. § 948.03(5)(a), Fla. Stat. (2003). Thus, the legislature has determined that offenders such as Grubbs must pay for their own treatment.
Accordingly, we grant certiorari and quash the trial court's order directing DOC to pay for Grubbs' sex offender treatment.
SALCINES and DAVIS, JJ., concur.