889 So.2d 965 (2004)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
C.C., a Child, Respondent.
No. 1D04-3977.
District Court of Appeal of Florida, First District.
December 20, 2004.
Lucy Goddard-Teel, District Legal Counsel, Department of Children and Family Services, Gainesville, for petitioner.
*966 No appearance for respondent.
PER CURIAM.
The Department of Children and Families (DCF) petitions for certiorari review of an order adjudicating C.C., a minor, incompetent to proceed in pending juvenile delinquency proceedings, and committing C.C. to DCF for placement in a community treatment program. We agree that the circuit court departed from essential requirements of law by committing C.C. in the absence of any competent, substantial evidence establishing that his incompetency to proceed is attributable to mental illness or retardation, and we therefore grant the petition.
Addressing the commitment of minors to DCF for restoration-of-competency treatment, section 985.223(2), Florida Statutes (2004), provides that a child who is mentally ill or retarded who is adjudicated incompetent to proceed and who has committed a delinquent act or violation of law which would be a felony if committed by an adult must be committed to DCF for treatment or training. Conversely, however, the statute dictates that a child who is adjudicated incompetent to proceed because of age or immaturity, or for any reason other than mental illness or retardation, must not be committed to either DCF or the Department of Juvenile Justice for treatment or training.
Although the trial court's form order in this case makes a finding that C.C. is incompetent to proceed due to mental illness, we agree with DCF that the written reports of the mental health providers relied upon by the trial court do not provide an evidentiary basis for this finding. Instead, these reports suggest that C.C.'s incompetence to proceed is attributable to his youthful age and consequent immaturity. Under these circumstances, the trial court was statutorily precluded from committing C.C. to DCF custody for restoration-of-competency treatment or training services. See Department of Children and Families v. C.R.C., 867 So.2d 592 (Fla. 5th DCA 2004). Accordingly, the order of commitment is quashed and the matter is remanded for further proceedings consistent herewith.
PETITION GRANTED, ORDER QUASHED and REMANDED.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.