896 So.2d 868 (2005)
DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Daniel Taft HARRISON, Respondent.
No. 5D04-3665.
District Court of Appeal of Florida, Fifth District.
February 25, 2005.
*869 Sara K. Cunningham, Assistant General Counsel, Department of Corrections, Tallahassee, for Petitioner.
No Appearance for Respondent.
SHARP, W., J.
The Department of Corrections seeks certiorari review of a circuit court directive contained in probation orders pertaining to Daniel Harrison, that requires the Department to pay for an interpreter for Harrison's sex offender treatment. We grant the petition.
Harrison entered guilty pleas to two kidnapping offenses and two sexual battery offenses in Brevard County Circuit Court Cases Nos. 99-10913 and 99-10993. He was sentenced to time served and was placed on probation for life. The probation orders in both cases require him to participate in a sex offender treatment program. However, Harrison is hearing impaired and will need the assistance of an interpreter in order to participate in a sexual offender treatment program. Thus, the judge directed that the Department pay for an interpreter for Harrison.
The Department argues that by issuing this order the court encroached upon the Legislature's authority to appropriate state funds through duly enacted statutes[1] because under current law, sex offenders are required to pay for such treatment and there is no provision authorizing the Department to pay for an interpreter. Section 948.30(1)(c), Florida Statutes (2004) provides as a standard condition of probation for sexual offenders, the "active participation in and successful completion of a sex offender treatment program with therapists specially trained to treat sex offenders, at the probationer's . . . expense."
We first address the question of whether the Department has standing to raise this issue in the appellate court since it was not a party to the underlying criminal case. In similar situations, the Department of Children and Families has successfully sought certiorari review in cases where a trial court allegedly exceeded its judicial authority by encroaching on the powers of the executive branch by ordering it to take some action not permitted under the law. See, e.g., Department of Children and Families v. C.R.C., 867 So.2d 592 (Fla. 5th DCA 2004) (where minor was found to be incompetent to proceed in delinquency case, trial court departed from the essential requirements of law in ordering juvenile's placement with Department of Children and Families because the record did not support a finding of mental illness or mental retardation); Department of Children and Families v. Harter, 861 So.2d 1274 (Fla. 5th DCA 2003) (appellate court in certiorari proceeding held that trial court lacked authority to direct Department of Children and Families to provide sexual offender treatment as part of the defendant's commitment for insanity); Department of Children and Families v. E.M.S., 841 So.2d 621 (Fla. 5th DCA 2003) (appellate court quashed circuit court orders which committed juveniles to Department of Children and Families for restoration of competency treatment, as the juveniles had been charged with delinquent acts the equivalent of misdemeanors and therefore could not be involuntarily committed). In these cases, the Department was not a party to the underlying delinquency proceedings or criminal prosecution.
The Department of Corrections sought certiorari review in our court in a case *870 where, like this one, it was directed to pay for an interpreter to assist a deaf defendant undergoing court ordered sex offender treatment. See Department of Corrections v. Bergman, 890 So.2d 281 (Fla. 5th DCA 2004). The certiorari petition in that case was dismissed because there was no reviewable order in that case, only a court minutes form. See generally, State v. Wagner, 863 So.2d 1224 (Fla.2004).
In Department of Corrections v. Grubbs, 884 So.2d 1147 (Fla. 2d DCA 2004), the Department successfully obtained certiorari review of a circuit court order which required it to pay for a sex offender treatment program for a deaf client. The court concluded that the trial court departed from the essential requirements of the law by ordering the Department to pay for the program. It concluded the judicial branch may not interfere with the legislative branch by directing that funds be spent by an executive branch agency in a manner not authorized by statute, nor can it interfere with the agency's discretion in spending appropriated funds. It granted relief because, although the Department was not a party to the criminal case below, its non-party status deprived it of an adequate remedy by direct appeal.
We agree with Grubbs that the order under review violates the separation of powers doctrine[2] and thus departed from the essential requirements of law and that the Department may obtain review of such orders through a certiorari proceeding.
Whether Harrison has the ability to pay for an interpreter so that he can participate in a sexual treatment program is not before us. If he is unable to do so and if there is no alternative source of funds (the Department suggests Harrison would be entitled to receive assistance under the Americans with Disabilities Act) he may have recourse to other avenues of relief by arguing denial of equal protection, due process and the like. Cf. Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002) (evidence that defendant failed to continue sex offender treatment because he could not afford it was insufficient to establish a willful and substantial violation of probation); Garcia v. State, 701 So.2d 607 (Fla. 2d DCA 1997). Those legal questions are not before us here.
Petition for Writ of Certiorari GRANTED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] See generally, Art. II, § 3, Fla. Const.  separation of powers doctrine.
[2] See also Department of Juvenile Justice v. C.M., 704 So.2d 1123 (Fla. 4th DCA 1998) (reversing court order directing Department of Juvenile Justice to pay for hospital evaluation of juvenile); Department of Children and Family Services v. Birchfield, 718 So.2d 202 (Fla. 4th DCA 1998) (reversing order holding Department of Children and Family Services in contempt for failing to place appellee in specific program, as court's consideration of DCF's ability to move funds to effectuate placement violated separation of powers doctrine because it was tantamount to directing DCF how to spend its funds); State v. Martinez, 433 So.2d 1356 (Fla. 3d DCA 1983) (trial court lacked authority to order state attorney to pay one-half of the expense for the preparation of an exhibit ordered by the public defender where there was no legal authority to support the trial court's order).