PER CURIAM.
W.G., a juvenile, petitions for a writ of certiorari, seeking relief from a trial court order that required him to attend nonresidential competency restorative services at a private facility. We grant the petition and quash the trial court’s order because section 985.223(6)(c), Florida Statutes (2004), requires that any competency restorative services must be provided by the Department of Children and Family Services (DCF). Further, a plain reading of the statute addressing incompetency in juvenile delinquency proceedings indicates that a trial court is prevented from ordering any competency restorative services for incompetent juveniles charged with misdemeanors.
W.G. was charged by delinquency petition with misdemeanor battery on his brother. Based on the reports and recommendations of two psychologists, the court determined that W.G. was incompetent to proceed because of his mental illness, a hyperactivity disorder.
The court was aware of section 985.223(2) which provides in relevant part: “[A] child who has committed a delinquent act or violation of law, either of which would be a misdemeanor if committed by an adult may not be committed to the department or to the Department of Children and Family Services for restoration-of-competency treatment or training services..” § 985.223(2), Fla. Stat. (2004) (emphasis added). Nevertheless, the court concluded that this section did not prevent it from ordering W.G. to attend competency restoration sessions at a private facility.
*332 In this petition, W.G. argues that the trial court departed from the essential requirements of law in ordering competency restoration services at a private facility because section 985.223(6)(c) provides: “If a child is to receive competency restorative services, the services shall be provided by the Department of Children and Family Services.” § 985.223(6)(c), Fla. Stat. (2004) (emphasis added).
We agree that the trial court departed from the essential requirements of law by requiring restorative services by someone other than DCF. This is expressly contrary to the statute. We therefore grant the writ and quash the portion of the trial court’s order requiring that W.G. receive competency restoration services at a private facility. We write further to explain an anomaly that may or may not have been intended by the legislature when drafting section 985.223,
As mentioned above, section 985.223 prevents a trial court from ordering any restorative services for an incompetent juvenile who is charged with what would be a misdemeanor if charged against an adult.
Section 985.223(6)(a) provides in relevant part:
If a child is determined to be mentally ill or retarded and is found to be incompetent to proceed but does not meet the criteria set forth in subsection (3) [for secure placement], the court shall commit the child to the Department of Children and Family Services and shall order the Department of Children and Family Services to provide appropriate treatment and training in the community. The purpose of the treatment or training is the restoration of the child’s competency to proceed.
§ 985.223(6)(a), Fla. Stat. (2004) (emphasis added). The above statute requires commitment to DCF for any child found to be incompetent to proceed who does not qualify for secure placement. At the same time, section 985.223(2) categorically prohibits commitment to DCF of any child charged with a misdemeanor.
See also Department of Children & Families v. E.M.S, 841 So.2d 621 (Fla. 5th DCA 2003); Department of Children & Families v. J.K., 752 So.2d 87 (Fla. 1st DCA 2000); Department of Children & Family Services v. A.A.ST.M., 706 So.2d 367 (Fla. 5th DCA 1998); Department of Children and Families v. 849 So.2d 1147 (Fla. 5th DCA 2003) (enforcing prohibition against commitment to DCF for juvenile charged with a misdemeanor).
The interaction between these statutory sections negates the availability of competency restorative services for a juvenile found incompetent to proceed, but charged with a misdemeanor. Under section 985.223(6)(a) an incompetent juvenile must be committed to DCF while section 985.223(2) expressly prohibits commitment to DCF of a child charged with a misdemeanor.
Although we have difficulty understanding the logic underlying this statutory scheme, the statute is clear and unambiguous in its terms, and we are bound to enforce the plain meaning of the statute the legislature has created. We reject the state’s argument that the plain meaning of these statutes should not be applied because it will yield an unreasonable or absurd result. See City of Miami Beach v. Galbut, 626 So.2d 192 (Fla.1993). We may “not look behind the statute’s plain language for legislative intent.” Id. at 193. The plain language of the statute shows a legislative policy that incompetent juveniles charged with misdemeanors should *333 not be subject to commitment for restoration of competency.
FARMER, GROSS and TAYLOR, JJ., concur.