917 So.2d 1049 (2006)
DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Jaime COSME, Brent MacKinder and State of Florida, Respondent.
Nos. 5D05-2807, 5D05-2808.
District Court of Appeal of Florida, Fifth District.
January 13, 2006.
Richard Joseph Saliba, Assistant General Counsel, and Susan A. Maher, Deputy *1050 General Counsel, Tallahassee, for Petitioner.
Robert Wesley, Public Defender, and Marc J. Burnham, Assistant Public Defender, Orlando, for Respondent, Jaime Cosme.
No Appearance for Respondent, Brent MacKinder.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent, State of Florida.
PER CURIAM.
The Department of Corrections ["DOC"] filed two petitions for certiorari raising the same issue.[1] Two similar orders have been entered in criminal cases pending in Orange County requiring the DOC to find and pay for a medical expert in a "chemical castration" proceeding following sentencing.
The applicable statute is section 794.0235(1)(a), Florida Statutes (2005), which authorizes a trial court to order a defendant convicted of sexual battery to be treated with medroxyprogesterone acetate (MPA) prior to his release from prison.[2] Under the statute, a court order providing for MPA treatment must be preceded by a court-appointed medical expert's determination that the defendant is an appropriate candidate for such treatment. Such determination is to be made not later than sixty days from the imposition of sentence. However, the administration of the MPA treatment does not begin until release from prison is imminent, and "shall commence not later than one week prior to the defendant's release from prison." See § 794.0235(2)(a) and (b), Fla. Stat. (2005). The DOC must provide the services necessary to administer the MPA treatment. See § 794.0235(3), Fla. Stat. (2005).
The two orders were entered by different judges and involve different defendants. Both orders, however, found that the circuit court had no funds authorized or appropriated to compensate a medical expert for the requisite evaluations. Accordingly, in Mr. Cosme's case, the court ordered DOC to appoint an appropriate medical expert. The judge in Mr. MacKinder's case ordered DOC to provide the name of an appropriate medical expert to be considered for appointment, and to compensate the expert. Both orders recited that should no medical determination be made within the applicable sixty-day period, the order would be null and void. Both orders also instructed DOC to notify the court whether it is able to locate or appoint a medical expert to determine if defendant is a candidate for MPA treatment, and if such medical assessment is made, to report on the results of such an evaluation.
As observed recently by the Fourth District Court of Appeal in Jackson v. State, 907 So.2d 696 (Fla. 4th DCA 2005), the procedure detailed in section 797.0235 is very odd.[3] It has a very clear deadline of sixty days after sentencing within which *1051 the decision whether to administer MPA must be made; yet, the MPA is not to be administered until the defendant is released, which is usually many years later. As such, when the MPA is to be first administered, the medical evaluation will certainly be stale and may well be obsolete. Also unclear is the purpose for the requirement that the decision to administer MPA is to be made by the trial court in light of this medical expert's evaluation that the defendant is an "appropriate candidate." The statute, moreover, makes this decision discretionary for some offenses but mandates it for others. The defendants in both cases before us received life sentences without parole, so even if the MPA treatment were ultimately ordered in both cases, the treatments would only take place if the sentences were undone.
The DOC claims that the challenged orders are a departure from the essential requirements of law because they impose obligations upon it which are outside the scope of the DOC's duties under the statute. The DOC acknowledges that it is obligated to administer the treatment once ordered, but it argues that it is not required to pay for or perform the medical expert evaluation, which is a part of the judicial function.
It appears that the DOC correctly interprets section 794.0235(2)(a), Florida Statutes (2005). The statute specifically refers to the "court appointed medical expert." Cf. Houston v. State, 852 So.2d 425 (Fla. 5th DCA 2003). While the statute does not expressly identify who is to compensate the expert, we can find no reasonable interpretation that the DOC is required to compensate the medical expert. We invited the Florida Justice Administration Commission to file a response to assist the court, but it declined, so we know little or nothing about the funding or lack of funding of these evaluations by the legislature. Our opinion is limited to our conclusion that section 794.0235 does not impose the duty on DOC.
The State suggests that certiorari should be denied because sixty days have passed from the rendition date of the orders in each case, making the issue moot under the statute. Also, both orders are worded so that if no medical expert determination has been made within the sixty-day period, the order shall be null and void. In prior cases from our court, certiorari review has been allowed when a state agency is ordered by a court to perform some unauthorized function.[4] Because DOC has no adequate remedy by appeal and this issue is likely to recur, it is appropriate to grant the writ.
WRIT GRANTED; ORDERS QUASHED.
PLEUS, C.J., GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] We have consolidated these two cases for consideration.
[2] Section 794.0235(1)(a), Florida Statutes, states:

(1) Notwithstanding any other law, the court:
(a) May sentence a defendant to be treated with medroxyprogesterone acetate (MPA), according to a schedule of administration monitored by the Department of Corrections, if the defendant is convicted of sexual battery described in s. 794.011
[3] We noticed that, in Jackson, the procedure followed was the same as the one at issue in these cases. The trial court ordered the DOC to conduct the expert evaluation by "a medical expert" and, without apparent controversy, the DOC submitted a document to the court averring that a medical examination revealed no "symptoms or problems" relative to the MPA treatment. Jackson, 907 So.2d at 697.
[4] Certiorari relief has been granted to the Department of Children and Families in juvenile delinquency cases when ordered to provide treatment for the restoration of competency for juveniles charged with misdemeanor delinquent acts. See, e.g., Department of Children & Families v. E.M.S., 841 So.2d 621 (Fla. 5th DCA 2003). See also Department of Children & Families v. C.R.C., 867 So.2d 592 (Fla. 5th DCA 2004); Department of Children & Families v. Harter, 861 So.2d 1274 (Fla. 5th DCA 2003). Similarly, the Department of Corrections successfully obtained certiorari relief in a previous case where the circuit court directed it to pay for an interpreter for a defendant's sex offender treatment. See Department of Corrections v. Harrison, 896 So.2d 868 (Fla. 5th DCA 2005).