946 So.2d 106 (2007)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
K.R., Father of K.R., a Child, Appellee.
No. 5D06-1901.
District Court of Appeal of Florida, Fifth District.
January 5, 2007.
*107 Charles D. Peters, Orlando, for Appellant.
No Appearance for Appellee.
MONACO, J.
The Department of Children and Family Services challenges an order of the trial court requiring the Department to pay for tri-weekly drug tests of K.R., a father who was attempting to regain custody of his daughter. Although the Department filed a notice of appeal in this case, we are unable to discern on what basis we have appellate jurisdiction. We do, however, exercise our authority under Rule 9.040(c), Florida Rules of Appellate Procedure, to consider this case on the basis of our certiorari jurisdiction. Because we conclude that the order in question violates the separation of powers doctrine, and thus departed from the essential requirements of law, we grant certiorari relief. See Dep't of Corr. v. Harrison, 896 So.2d 868 (Fla. 5th DCA 2005); Dep't of Corr. v. Grubbs, 884 So.2d 1147 (Fla. 2d DCA 2004).
As part of a case plan developed to accommodate a reunification between K.R. and his child, K.R. agreed to submit to random drug tests. At a status hearing the Department objected to reunification because, among other reasons, K.R. was unable on three occasions to give a urine sample for random drug tests that were performed at his home. The trial court suggested that K.R. be tested three times a week for thirty days, and indicated that if K.R. tested negative on all tests, he would be allowed weekend visitation with his daughter. Although drug tests were offered free of charge if the subject came to the courthouse for testing, the trial court did not want K.R. to miss work. Instead, the court ordered the Department, through its contract agency, to provide home testing for K.R. without charge, despite the fact that the Department, through its agent, generally charges for at-home testing. Although the Department objected and sought rehearing, the trial court declined to change its ruling. The Department then "appealed."
Article II, § 3 of the Florida Constitution reads as follows:
Branches of government.  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
The courts of this state have frequently held that an order of a trial court compelling a governmental department or agency to pay for a service or to incur another expense to the benefit of a private party "interferes with both legislative discretion in determining the funds required of an agency and executive discretion in spending those appropriated funds, in derogation of the doctrine of separation of powers." Dep't of Juvenile Justice v. C.M., 704 So.2d 1123, 1125 (Fla. 4th DCA 1998); see also Grubbs; Dep't of Health and Rehab. Servs. v. V.L., 583 So.2d 765, 767 (Fla. 5th DCA 1991) ("it is not the role of the judiciary to revise legislative appropriations or to interfere with an agency's discretionary budgetary decisions"). The trial court's order in the present case falls squarely within that proscription. The judicial branch may not either interfere with the legislative branch by requiring funds *108 to be spent by an executive agency in a manner not authorized by statute, nor interfere with an executive agency's discretion in the spending of appropriated funds. See Harrison, 896 So.2d at 870. We, therefore, grant certiorari relief with respect to the order directing the Department to pay for the at-home drug testing of K.R.
WRIT OF CERTIORARI GRANTED.
THOMPSON and PALMER, JJ., concur.