ALTENBERND, Judge.
 

 The Statewide Guardian ad Litem Office (the Statewide GAL) seeks certiorari review of numerous orders denying motions to discharge the Guardian ad Litem Program in the Twentieth Judicial Circuit from serving as guardians ad litem in certain criminal proceedings. Reluctantly, we must agree that the circuit court has no authority to compel the relatively new Statewide GAL, which is not a program of the judicial branch, to provide guardians in these cases. The circuit court has authority to appoint guardians ad litem or other advocates for children in these cases, but it cannot compel the Statewide GAL to serve in that capacity. Because the circuit court has departed from the essential requirements of the law in a manner that cannot be remedied on direct appeal, we grant the petition for writ of certiorari and quash the orders appointing the Statewide GAL as guardians ad litem in these cases.
 

 For many years, the State Attorney has apparently filed ex parte motions in the circuit court of the Twentieth Judicial Circuit requesting the court to appoint guardians ad litem for children who allegedly have been victims or witnesses of abuse, neglect, or sexual offenses and are expected to be witnesses in the resulting criminal cases. The circuit court appoints these guardians ad litem pursuant to Administrative Order 3.7, which was issued in 1991. That local administrative order implements section 914.17(1), Florida Statutes (1990), which mandates the appointment of a “guardian ad litem or other advocate” in any criminal proceeding in which a child is a victim or witness of such
 
 *749
 
 abuse. The circuit court enters these orders without a hearing because the appointment of the guardian ad litem is mandatory and there has been no practical need for a hearing.
 

 When the judges in the Twentieth Judicial Circuit began the policy of appointing the local guardian ad litem program in these cases, the program was under the jurisdiction of the judiciary. The Legislature and supreme court created the program as a volunteer pilot project and implemented it through an unpublished administrative order of the supreme court.
 
 See A.D. v. Dep’t of Health & Rehabilitative Servs.,
 
 639 So.2d 639, 644 (Fla. 2d DCA 1994). In 2003, the Legislature expressly concluded that the judicial supervision of the program created a “perceived conflict of interest.”
 
 See
 
 § 39.8296(l)(b), Fla. Stat. (2003). As a result, it created the new Statewide Guardian ad Litem Office.
 
 See
 
 Ch. 2003-53, § 1, at 412, Laws of Fla.
 

 The Statewide GAL is “within the Justice Administrative Commission,” but it operates independently of the control of that commission. § 39.8296(2), Fla. Stat. (2010) (“The Statewide [GAL] shall not be subject to control, supervision, or direction by the Justice Administrative Commission in the performance of its duties.”). The Governor appoints the Statewide GAL’s executive director and may remove the executive director for cause. § 39.8296(2)(a). The executive director also reports to the Governor. § 39.8269(2)(a). Thus, we conclude that the Statewide GAL is not an office within the judicial branch of government but functions as an office of the executive branch of government.
 
 [1]
 
 Since 2007, the Legislature has included language within the appropriations bills expressing its preference that the Statewide GAL fund and fulfill its duties in dependency cases before it addresses other issues.
 
 See, e.g.,
 
 Ch. 2007-72, § 4, at 668, Laws of Fla. (prohibiting the Statewide GAL from representing, children in divorce proceedings “unless the child is also subject to dependency proceedings”); Ch. 2009-81, § 4, at 908, Laws of Fla. (directing the Statewide GAL not to represent children in other proceedings until “all children in dependency proceedings are represented”).
 

 Despite the changes in the structure of the program, the circuit court in the Twentieth Judicial Circuit has continued its long-standing procedure of appointing the guardian ad litem program to specific cases, using orders that it enters without providing notice or an opportunity for the Statewide GAL to appear and argue its position. This certiorari proceeding arose because the Statewide GAL filed a significant number of virtually identical motions in criminal cases seeking orders discharging it from its appointments as guardians ad litem in these cases. The circuit court entered a single order for fourteen separate cases denying the Statewide GAL’s motions.
 

 Procedurally, this certiorari proceeding is a true original proceeding in this court. Although this original proceeding relates to numerous criminal actions that are pending in the circuit court, this is not an appellate proceeding by a party in a lower tribunal. Instead, the Statewide GAL, as a nonparty in the lower tribunal, is challenging the authority of both the State Attorney and the circuit court to compel it to perform certain functions within those proceedings.
 

 
 *750
 
 When this original proceeding was filed, the petitioner was described as the “Statewide Guardian ad Litem Program.” After reviewing the relevant statutes, this court was uncertain whether “the program” was actually a legal entity or merely a functional process described by statute. After seeking the positions of the parties, this court has concluded that the Statewide Guardian ad Litem Office is a legal entity created by the Legislature, and we have substituted that entity as the petitioner in the style of this opinion.
 

 We have also considered whether this original proceeding should be designated a petition for writ of prohibition seeking to prevent the judges in the Twentieth Judicial Circuit from entering such orders. While this proceeding has been pending, the Statewide GAL has filed several such petitions seeking writs of prohibition. Given that the State Attorney has been the party in the criminal proceedings filing motions to appoint the Statewide GAL and because we conclude that relief would be appropriate under either approach to the original proceeding, we have concluded that we can grant relief in this case as a certiorari proceeding in which the State Attorney is the named respondent.
 

 When the guardian ad litem program was under the auspices of the circuit court, no one disputed that the court had authority to appoint guardians from its own program to represent any child that needed a guardian ad litem under any statute authorizing such an appointment. Now that the Statewide GAL is an office in the executive branch, we conclude that the circuit court can no longer compel the Statewide GAL to appear and assist children in the absence of a statute that gives the court such authority over an agency in another branch of government.
 
 See
 
 art. II, § 3, Fla. Const.;
 
 Dep’t of Corr. v. Grubbs,
 
 884 So.2d 1147, 1148 (Fla. 2d DCA 2004) (“The judiciary branch may not interfere with legislative discretion in determining the funds required of an executive branch agency nor with the agency’s executive discretion in spending appropriated funds.”);
 
 Dep’t of Children & Families v. K.R.,
 
 946 So.2d 106, 107-08 (Fla. 5th DCA 2007) (“The judicial branch may not ... interfere with an executive agency’s discretion in the spending of appropriated funds.”). The Statewide GAL is expressly designed and intended to be independent of the judiciary. Nothing in section 914.17, Florida Statutes (2010), requires the Statewide GAL to expend its resources to provide the guardians ad litem needed under that statute. We cannot conclude that the Statewide GAL is obligated to obey a judicial order to expend its resources on such guardians if the Statewide GAL itself has established other priorities.
 

 The circuit court would appear to have the authority to find another source of “advocates” for these children. The record suggests that some of the current guardians ad litem wish to serve exclusively children in the context of section 914.17. We provide neither advice nor a solution for this problem, but we recognize that a solution is needed in order to fulfill the requirements of section 914.17.
 

 Petition for writ of certiorari granted.
 

 KHOUZAM and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . The Justice Administrative Commission is a complex governmental commission, and we caution the reader not to interpret this opinion as holding that the Commission is a part of the executive branch of the government.