# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1272
Lower Tribunal No. 11-15142
_____

**Florida Department of Children and Families,**
Petitioner,

vs.

**In the Interest of J.B., a Minor Child,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Maria I. Sampedro-Iglesia, Judge.

Javier Ley-Soto, Chief Legal Counsel, and Leslie Hinds St-Surin, Assistant General Counsel, for petitioner.

Baker & McKenzie LLP, and Angela Vigil, Attorney Ad Litem, for respondent Minor.

Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Florida Department of Children and Families appeals an order directing it to pay the travel costs of the pro bono Attorney Ad Litem to assist in the therapy of her client, a child in the custody of the Department and placed in a North Carolina residential treatment facility. We treat the appeal as a petition for writ of certiorari, grant the petition, and quash the order because it violates the doctrine of separation of powers.

FACTS

J.B. is a minor child in the custody of the Department. Based on the recommendation of J.B.'s psychiatrist, both the Guardian Ad Litem and the Department concluded that J.B. required mental health treatment in a residential treatment facility. They further determined that the Alexander Youth Network, a residential program in North Carolina, provided the therapeutic treatment that best suited J.B.'s needs. The Department and the Guardian Ad Litem moved the trial court to approve the placement. Based on the evidence submitted, the trial court agreed that the placement was in J.B.'s best interest. It ultimately entered an order which authorized the placement.

Afterwards, the pro bono Attorney Ad Litem filed a motion to require the Department to pay her travel costs to visit J.B. at the facility in North Carolina, arguing that personal visits were necessary to maintain a meaningful attorney-client relationship.[1] The trial court denied the request to require the Department to

2

pay travel costs that "are made to foster the attorney/client relationship." Although not requested by the Attorney Ad Litem, the court ordered the Department to "fund any visits [by the pro bono Attorney Ad Litem] that are therapeutically recommended by the therapeutic staff of the Alexander Youth Network." The Department appealed.

ANALYSIS

The issue presented is whether the trial court's order violated the separation of powers doctrine by requiring the Department, an executive agency, to pay for the travel of the pro bono Attorney Ad Litem for the purpose of facilitating the minor child's therapy. We have jurisdiction. See Fla. Dep't of Children & Families v. Y.C., 82 So. 3d 1139, 1141 n. 6 (Fla. 3d DCA 2012) (holding, in a similar case, that certiorari was the proper vehicle for review); Dep't of Corrs. v. Harrison, 896 So. 2d 868, 869 (Fla. 5th DCA 2005) ("[T]he Department of Children and Families has successfully sought certiorari review in cases where a trial court allegedly

---

[1] This court takes this opportunity to thank the Attorney Ad Litem, Angela Vigil, Esquire, for her professionalism in providing representation to J.B. on a pro bono basis. Her representation benefits the child, our community, and the courts, and exemplifies the ideals of service in our profession. By advocating the child's point of view, Ms. Vigil not only contributed an important viewpoint to aid the court's deliberation, but also enabled the child to feel that her voice was heard, considered, and respected as part of the judicial process. The child's perception that she was treated with good faith is important, our Supreme Court has noted, because "a child who feels that he or she has been treated fairly in the course of the commitment proceedings will likely be more willing to accept hospitalization and treatment." Amendment to the Rules of Juvenile Procedure, Fla. R. Juv. P. 8.350, 804 So. 2d 1206, 1211 (Fla. 2001).

exceeded its judicial authority by encroaching on the powers of the executive branch by ordering it to take some action not permitted under the law.").

Florida's Constitution provides for the separation of powers between the three branches of state government:

> The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.

Art. II, § 3, Fla. Const. Under this doctrine, "the judicial branch must not interfere with the discretionary functions of the legislative or executive branches of government absent a violation of constitutional or statutory rights." Detournay v. City of Coral Gables, 127 So. 3d 869, 873 (Fla. 3d DCA 2013) (quoting Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 918 (Fla. 1985)). "When a court interferes with an executive agency's discretion in spending its appropriate[d] funds, it is encroaching on the powers of the agency." Office of State Attorney for Eleventh Judicial Circuit v. Polites, 904 So. 2d 527, 532 (Fla. 3d DCA 2005).

A court may order an executive department to spend funds when a statute or constitution authorizes a court to do so. Courts, however, have rejected the idea that there is a "doctrine of inherent judicial power" that allows a court to direct how an executive department exercises its discretion to spend funds appropriated to the department. Dep't of Children & Families v. J.H., 831 So. 2d 782, 783 (Fla.

4

4th DCA 2002) (holding, absent statutory authority, a trial court could not order the Department to pay for long-term therapy by a specific therapist and any and all necessary evaluations for the dependent child). Instead, courts have repeatedly held that "[t]he judicial branch may not either interfere with the legislative branch by requiring funds to be spent by an executive agency <u>in a manner not authorized by statute</u>, nor interfere with an executive agency's discretion in the spending of appropriated funds." <u>Dep't of Children & Families v. K.R.</u>, 946 So. 2d 106, 107-08 (Fla. 5th DCA 2007) (emphasis added).

Accordingly, unless a statute or a constitution authorizes the court to do so, it is a violation of the doctrine of separation of powers for a court to direct an executive department on how to expend funds appropriated to the department.[2]

---

[2] <u>See, e.g.</u>, <u>Polites</u>, 904 So. 2d at 532 (holding the trial court violated the separation of powers doctrine when it ordered the Office of the State Attorney to pay for the costs of mental health experts evaluating the defendant); <u>Harrison</u>, 896 So. 2d at 870 (holding the trial court violated the separation of powers doctrine when it ordered the Department of Corrections to pay for an interpreter for a defendant who was hearing impaired); <u>Dep't of Corr. v. Grubbs</u>, 884 So. 2d 1147, 1148 (Fla. 2d DCA 2004) (holding the trial court violated the separation of powers doctrine when it ordered the Department of Corrections to pay for a convicted sex offender's treatment program); <u>Dep't of Children & Family Servs. v. Birchfield</u>, 718 So. 2d 202 (Fla. 4th DCA 1998) (reversing a trial court order that held the Department in contempt for failing to place the appellee in a specific program); <u>Dep't of Juvenile Justice v. C.M.</u>, 704 So. 2d 1123, 1125 (Fla. 4th DCA 1998) ("[T]he court cannot direct a particular placement for a child and order the expenditure of funds for such placement by an executive agency."); <u>Dep't of Health & Rehabilitative Servs. v. V.L.</u>, 583 So. 2d 765, 767 (Fla. 5th DCA 1991) ("[I]t is not the judiciary's role to revise legislative appropriations or to interfere with an agency's discretionary budgetary decisions").

Turning to the instant case, because no statute authorized the trial court to order the Department to pay for the travel of the pro bono Attorney Ad Litem for the purpose of facilitating J.B.'s therapy, the order violates the doctrine of separation of powers.

The pro bono Attorney Ad Litem attempted to defend the trial court's order by citing to general law regarding the need to foster attorney-client relationships in this context. That issue is not before us. The order under review excluded travel costs relating to attorney-client matters.

Petition granted; order quashed.