670 So.2d 1025 (1996)
SEARS, ROEBUCK AND CO., Appellant,
v.
Alexander J. LABORA, Appellee.
No. 95-2606.
District Court of Appeal of Florida, Third District.
February 28, 1996.
Rehearing Denied April 17, 1996.
Arnstein & Lehr, and Wesley A. Lauer, West Palm Beach; Arstein & Lehr, and Stanley M. Lipnick, and Arthur L. Klein, and Thomas P. Yardley, Chicago, for appellant.
Maland & Ross, and Lauri Waldman Ross, Miami, for appellee.
*1026 Before BARKDULL, NESBITT and GERSTEN, JJ.
PER CURIAM.
Appellant, Sears, Roebuck and Co., appeals an order granting appellee Alexander J. Labora's motion for class action certification in a breach of contract action. We affirm with modification.
The four prerequisites for class certification are numerosity, commonality, typicality, and adequate representation. Fla. R.Civ.P. 1.220(a). See Broin v. Philip Morris Cos., 641 So.2d 888 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995). We have carefully reviewed the record and find no abuse of discretion in the trial court's application of these criteria to grant class certification. See Love v. General Dev. Corp., 555 So.2d 397 (Fla. 3d DCA 1989).
Accordingly, we affirm the order granting class certification except to the extent that it identifies the class as including "all persons and business entities." In accordance with this Court's recent opinion in R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39 (Fla. 3d DCA 1996), we direct that the order be modified to limit the certified class to "Florida residents and business entities."
Additionally, we find no error in the trial court's ruling that the appellant initially pay the cost of notice. See Fla.R.Civ.P. 1.220(d)(2). At this stage of the proceedings, this ruling provides the most economically viable means of assuring efficient and cost-effective notification. See Johnson v. Plantation Gen. Hosp. Ltd. Partnership, 641 So.2d 58 (Fla.1994); Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976).
Affirmed with directions.