947 So.2d 561 (2006)
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Petitioner,
v.
Kathryn COX, Toby Bogorff, Robert Bogorff, Beth Garcia, Roald Garcia, Robert Pearce, Barbara Pearce, Timothy Donald Farley and Patricia Woody, Respondents.
No. 4D04-4952.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Rehearing Denied February 27, 2007.
*562 Wesley R. Parsons and Jack R. Reiter of Adorno & Yoss, P.A., Miami, and Jerold I. Budney of Greenberg Traurig, P.A., Fort Lauderdale, for petitioner.
Robert C. Gilbert of Robert C. Gilbert, P.A., Coral Gables, Jamie Alan Cole of Weiss Serota Helfman Pastoriza Cole & Boniske, P.A., Fort Lauderdale, William S. Williams of Lytal, Reiter, Clark, Fountain & Williams, West Palm Beach, Ellis Rubin of the Law Offices of Ellis Rubin and Robert I. Barrar, Miami, and Michael J. Pucillo of Berman Devalerio Pease Tabacco Burt & Pucillo, West Palm Beach, for respondents.
TAYLOR, J.
This class action was brought by property owners to recover compensation from the Florida Department of Agriculture and Consumer Services because of its destruction of canker-exposed citrus trees under the Citrus Canker Eradication Program. The Department challenges a trial court order requiring it to pay the costs of providing notice to members of the certified class.
In Florida Department of Agriculture v. Pompano Beach, 829 So.2d 928 (Fla. 4th DCA 2002), we affirmed the trial court's certification of the class (Cox class) but limited the class to Broward County citrus tree owners. Notice of the class action must be provided to members of the class to allow any member who does not want to be part of the class action suit to opt out. Fla. R. Civ. P. 1.220(d)(2) (2005). Under Rule 1.220 the plaintiff is required to pay the costs of providing notice "unless otherwise ordered by the court." Because the parties were unable to agree on which party should be required to pay the costs of providing notice to class members, the trial court held a hearing on this issue. After the hearing and a review of additional *563 written argument submitted by the parties, the trial court entered an order approving the form and manner of notice to the class and requiring the Department to pay the initial costs of providing the notice. The order states, in pertinent part, as follows:
8. Fla. R. Civ. P. 1.220(d)(2) provides: "Unless otherwise ordered by the court, the party asserting the existence of the class shall initially pay for the cost of giving notice." The Court, however, has broad discretion to order the party opposing class certification to advance the cost of notice where doing so "provides the most economically viable means of assuring efficient and cost-effective notification." See, Sears, Roebuck and Co. v. Labora, 670 So.2d 1025, 1026 (Fla. 3rd DCA 1996).
9. The Court finds the arguments and evidence in this case sufficiently persuasive to warrant shifting to the Defendant the burden of paying the initial costs of giving notice. The Defendant should pay the initial costs of giving notice to the Cox Class because it will result in the most economically viable means of assuring efficient and cost-effective notification. The Defendant has compiled and maintains an extensive database of Cox Class members which is regularly updated. The Defendant has previously communicated with members of the Cox Class by mail on at least three (3) prior occasions. The Defendant's written communications with members of the Cox Class have been in three languages  English, Spanish and Creole  reflecting the multilingual nature of South Florida's population. Thus, the Department is uniquely positioned to disseminate the Notice of Pending Class Action and Request for Exclusion through use of its PICS database, and should be required to pay the initial costs of giving such notice. Requiring the Defendant to initially pay the notice costs is also warranted based on the Plaintiffs' showing of some success on the merits in this case. Throughout the four year span of this litigation, Plaintiffs have established the Defendant's destruction of property owned by members of the Cox Class under the CCEP, and the Defendant's destruction of such property was accomplished for a public purpose. Moreover, Plaintiffs have defeated through partial summary judgment the Defendant's affirmative defense asserting a right of a setoff based on the Shade Florida (Wal-Mart) cards. Therefore, requiring the Defendant to initially pay the costs of giving notice to the Cox Class is also supported based on Plaintiffs' prior showing of some success on the merits. See, 3 Newberg on Class Actions § 8.6 (4th Ed.). Accordingly, Defendant shall pay the initial costs of proving notice in the manner described herein to the Cox Class, subject to taxation following entry of final judgment on the claim for inverse condemnation.
The Department originally sought appellate review of the order as an injunction under Rule 9.130(a)(3)(B), Fla. R.App. P., but we sua sponte redesignated the appeal as a petition for writ of certiorari under Rule 9.030(b)(2)(a), Fla. R.App. P.
In response to our order to show cause why the petition should not be granted, the Cox class/respondents first seek dismissal of the petition. They argue that we lack any basis for exercising certiorari jurisdiction because the trial court's pretrial order does not result in any irreparable injury to the Department that cannot be corrected on final appeal. They point out that the order merely requires the Department to advance the costs of providing notice to the certified class and expressly provides that such costs are "subject to taxation following entry of final judgment." Alternatively, *564 they argue that we should deny relief because the order was proper on the merits.
In reply, the Department argues that certiorari relief is appropriate in this case. It cites cases wherein appellate courts have granted a writ of certiorari upon a state agency's claim that the trial court violated separation of powers principles by ordering the agency to pay for certain litigation costs. Office of the State Attorney for the Eleventh Judicial Circuit v. Polites, 904 So.2d 527 (Fla. 3d DCA 2005); Dep't of Corrections v. Grubbs, 884 So.2d 1147 (Fla. 2d DCA 2004). The Department contends that the order requiring it to spend money for notice to class members violates the doctrine of separation of powers and thus gives us certiorari jurisdiction. The cases cited by the Department, however, are inapposite.
In Polites, the third district granted a writ of certiorari to quash an order requiring the offices of the State Attorney and the Public Defender to pay for mental health examinations they had not requested. The court first examined the 1998 constitutional amendment that changed funding for the state courts system and state attorneys' and public defenders' offices.[1] It then reviewed statutes and rules regarding expert witnesses and construed them as requiring the state court system to pay for the expert "where neither party requests the appointment of a mental health expert." In finding a departure from the essential requirements of law, the court concluded that the trial judge's order requiring the state attorney to spend money for an expert that it did not request interfered with the state attorney's executive decision on how to prosecute and thus violated the separation of powers doctrine.
In Grubbs, the second district granted certiorari and quashed the trial court's order directing the Department of Corrections (DOC) to pay for a probationer's sex offender treatment. There, the court determined that it had jurisdiction over DOC's petition for writ of certiorari because DOC, a nonparty to the criminal proceedings, had no adequate remedy by direct appeal. The court cited Department of Health & Rehabilitative Services v. Myers, 675 So.2d 700 (Fla. 4th DCA 1996) (granting certiorari and quashing an order requiring HRS, a nonparty to criminal action, to pay the costs of transporting a detainee to county jail, because HRS's nonparty status deprived it of an adequate remedy by direct appeal after final judgment).
In this case, however, the Department of Agriculture and Consumer Services is a party to the class action lawsuit for compensation for destroyed citrus trees. Further, the rule governing notice to class members gives the trial court discretion to shift the costs of mailing the notice to the defendant.
A writ of certiorari is an extraordinary remedy to be granted only upon the showing of a departure from the essential requirements of the law which causes material injury for which there is no adequate remedy by appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). As we have stated, "there are two indispensable ingredients to common law certiorari when sought to review pretrial orders of the circuit courts: (1) irreparable injury to the petitioner that cannot be corrected on final appeal (2) caused by a departure from the essential requirements of law." Sultan v. Earing-Doud, 852 So.2d 313, 315 (Fla. 4th DCA 2003); Bared & Co. v. *565 McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
Here, the essential elements for establishing certiorari jurisdiction have not been satisfied. First, the Department has not shown irreparable injury that cannot be corrected on final appeal. The order simply requires the Department to advance the costs of providing notice to class members and expressly provides that such costs are "subject to taxation following entry of final judgment." See Topp Telecom, Inc. v. Atkins, 763 So.2d 1197, 1200 n. 5 (Fla. 4th DCA 2000) (dismissing petition for certiorari review of a pretrial discovery order which allegedly placed undue financial burden on petitioner, and noting that the order "does not forestall later reallocation of the costs incurred when the prevailing party seeks to tax costs at the end of the case"); Allstate Ins. Co. v. Hodges, 855 So.2d 636 (Fla. 2d DCA 2003) (denying petition for certiorari review of the trial court's order compelling discovery claimed to be costly and burdensome and stating that such economic concerns do not rise to the level of an undue burden necessary to support a finding of a departure from the essential requirements of law and that the petitioner can later seek reallocation of the costs incurred for the discovery as the prevailing party).
Second, the order in this case did not depart from the essential requirements of the law. Florida Rule of Civil Procedure 1.220(d)(2) specifically authorizes the trial court to order the party opposing the existence of the class to initially pay the cost of providing notice. The rule states in pertinent part:

Unless otherwise ordered by the court, the party asserting the existence of the class shall initially pay for the cost of giving notice.
Fla. R. Civ. P. 1.220(d)(2) (2005) (emphasis supplied).
Although plaintiffs generally must bear the initial cost of notice to the class, Rule 1.220(d)(2) gives the court discretion to shift the cost to the defendant. See Sears, Roebuck & Co. v. Labora, 670 So.2d 1025 (Fla. 3d DCA 1996) (holding that trial court acted within its discretion in ordering defendant corporation to pay costs of notice to class because the ruling provided the most economically viable means of assuring efficient and cost-effective notification).
Because the Department has not shown irreparable injury and a departure from the essential requirements of the law, it is not entitled to certiorari relief. Accordingly, we dismiss the petition.
Petition Dismissed.
POLEN and KLEIN, JJ., concur.
NOTES
[1] See Art. V, section 14(c), Fla. Const.