PER CURIAM.
In this appeal, the Department of Juvenile Justice (DJJ) seeks review of an Administrative Law Judge’s (ALJ) Final Order. The Final Order declared certain DJJ rules relating to cost sharing for secure detention invalid exercises of DJJ’s authority; specifically, DJJ’s interpretations of “final court disposition” and “actual costs.” We find the ALJ correctly determined that DJJ’s interpretations were improper.
If the language of a statute “is clear and unambiguous and conveys a clear and definite meaning, the statute should be given its plain meaning.” Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 848 (Fla. 1st DCA 2002). Using the basic tenet of in pari materia to construe together statutes relating to the same or similar subject matter does not imply ambiguity. See Fla. Dep’t. of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1265-66 (Fla.2008) (not resorting to statutory construction, but acknowledging entire sections must be read together); Smith v. Crawford, 645 So.2d 513, 522-23 (Fla. 1st DCA 1994) (“The legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms.”) (quoting State v. Egan, 287 So.2d 1, 4 (Fla.1973)).
Here, a plain reading of “final court disposition” cannot, as DJJ asserts, limit the term to “commitment.” Likewise, “actual costs” cannot mean a figure derived through, as counsel for DJJ put it, a “complicated” formulaic scheme. A plain reading of this clear term indicates otherwise. We need not comment further, other than to commend the ALJ’s extensive and accurate analysis of the rules in question.
Accordingly, we AFFIRM.
CLARK and MARSTILLER, JJ, and BOLES, W. JOEL, Associate Judge, concur.