PER CURIAM.
This appeal arose from administrative proceedings addressing the cost-sharing procedures and the allocation of costs for secure juvenile detention pursuant to section 985.686, Florida Statutes (2008). This statute sets out the State’s and counties’ joint obligation to contribute to the funding of secure juvenile detention. § 985.686(1). Appellants, the counties, seek review of the Department of Juvenile Justice’s final order, and all but Appellant Orange County ask this Court to reverse the final order and remand with directions to the Department to adopt the administrative law judge’s (ALJ’s) recommended order in full. The ALJ concluded that the Department had misinterpreted the statutory scheme for detention cost-sharing for Fiscal Year 2008-2009. The Department filed exceptions contesting the ALJ’s determination regarding the agency’s interpretation of section 985.686, and the final order granted these exceptions. After entry of the final order in the instant case, this Court issued an opinion in Department of Juvenile Justice v. Okaloosa County, 113 So.3d 1074 (Fla. 1st DCA 2013), affirming a different ALJ’s recommended order which, the parties agree, utilized essentially the same reasoning in rejecting the Department’s interpretation of the cost-sharing law. In its answer brief, the Department acknowledges error in its final order regarding its interpretation of section 985.686 and states its intention to adopt the ALJ’s recommended order. Given this confession of error, we reverse and remand for the Department to adopt the recommended order.
Appellant Orange County seeks alternative relief relating to assessments made by the Department in the cost-sharing scheme. Generally, the counties are responsible for the actual cost of predisposition secure juvenile care, and the Department is responsible for postdispo-sition secure juvenile care. § 985.686(3). *820 To assist the counties’ budgetary planning at the start of each fiscal year, the Department determines and provides an estimate for each county’s share of predisposition secure detention costs. Fla. Admin. Code R. 63G-1.004. At the end of the fiscal year, and no later than the following January 31, the Department must reconcile the estimated payments with the counties’ actual costs of predisposition secure detention. If the county’s actual cost is more or less than the estimated payments made, then the county will be debited or credited for the difference. § 985.686(5); Fla. Admin. Code R. 63G-1.008.
The Department issued its annual reconciliation for Fiscal Year 2008-2009 and notified the counties via a December 7, 2009 letter. For Orange County, this reconciliation resulted in a $684,481.65 overpayment credit, which the County accepted. On January 26, 2010, the Department issued a letter to the counties setting out the specific procedures for any county that wished to challenge the assessments in the annual reconciliation, and stating that the counties had twenty-one days to file their challenges. Before this deadline passed, twelve counties filed challenges to the annual reconciliation using the form prescribed by the Department, but Orange County did not file such a challenge.
In a March 23, 2010 letter to the counties, the Department advised that it had concluded its analysis of the challenges to the annual reconciliation. In addition to making adjustments to the accounts of the challenging counties, however, the Department modified the amounts set forth in the annual reconciliation for all thirty-eight non-fiscally constrained counties. Although Orange County initially had received a credit in the annual reconciliation, the March 23, 2010 “proposed adjustment” shifted additional detention days to the County and sought a payment of $701,331.63 from the County. This letter stated that if a county took issue with the proposed adjustments, then it must file a petition with the Department to initiate administrative proceedings. Orange County filed a timely petition and sought a determination that the Department should not have made any successive adjustment to the annual reconciliation. The County also challenged the procedural and eviden-tiary basis for the annual reconciliation and sought to have it redone.
At the conclusion of the consolidated administrative proceedings, which included the original challengers to the annual reconciliation and the non-challenging counties, the ALJ made the following determinations: 1) the December 7, 2009 annual reconciliation constituted final agency action for all counties that had not contested the reconciliation in accordance with the Department’s January 26, 2010 letter; 2) the Department lacked statutory authority to recalculate the amounts set forth in its annual reconciliation for the fifty-five counties that had not filed challenges; and 3) the doctrine of administrative finality precluded Orange County from belatedly challenging the annual reconciliation. See Austin Tupler Trucking, Inc. v. Hawkins, 377 So.2d 679, 681 (Fla.1979) (stating “[tjhere must be a terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein”). Finding that the Department acted without any legitimate reason in disturbing and adjusting the annual reconciliation as to those counties such as Orange County that did not timely challenge it, the ALJ recommended reinstatement of the amounts set forth in the December 7, 2009 annual reconciliation letter for Orange County and similarly situated counties. We conclude that these rulings *821 fully comport with the law. Accordingly, we reverse the final order and remand with instructions to the Department to adopt the recommended order in its entirety-
REVERSED and REMANDED with instructions.
CLARK, WETHERELL, and RAY, JJ., concur.