IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BROWARD COUNTY,

       Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF JUVENILE
JUSTICE,

       Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4219

_____/

Opinion filed December 4, 2015.

An appeal from an order from the Department of Juvenile Justice.
Christina K. Daly, Interim Secretary.

Joni Armstrong Coffey and Adam Katzman, Fort Lauderdale, for Appellant.

John Milla, Tallahassee, for Appellee.

MARSTILLER, J.

      This appeal is a companion to *Pinellas County v. Florida Department of Juvenile Justice*, No. 1D14-4187 (Fla. 1st DCA Dec. 4, 2015), challenging a final order entered by the Department of Juvenile Justice ("Department") on remand from

this court after we reversed an earlier order. *See Okaloosa Cnty. v. Dep't of Juvenile Justice*, 131 So. 3d 818 (Fla. 1st DCA 2014). The controversy concerns the Department's annual county-by-county reconciliation of juvenile detention facility utilization for fiscal year ("FY") 2008/09 pursuant to section 985.686, Florida Statutes (2008), which sets out the state-county cost sharing and allocation framework for secure detention facilities in Florida. Broward County argues that, in contravention of our mandate after *Okaloosa County*, the Department has failed to provide the county a full and correct accounting of payments made versus actual costs for FY 2008/09, and has failed to credit the county for its overpayments. Finding the final order on remand in compliance with our mandate, we affirm.

Our opinion in *Pinellas County*, *supra*, sets out the factual and procedural history of this case; thus, we need not recount it in detail here. To summarize, several counties challenged the Department's FY 2008/09 calculations and reconciliations under section 985.686, and took the matter to the Division of Administrative Hearings ("DOAH"). The administrative proceedings resulted in a recommended order concluding the Department's calculations were in error, and recommending the Department enter a final order that, pertinent to Broward County:

> C. Provides that the Department will, without undue delay, provide a revised assessment that states the actual costs of providing predisposition secure juvenile detention care for fiscal year 2008-2009 for the following Counties: Hernando, Miami-Dade, and Broward.

2

The Department's final order rejected the Administrative Law Judge's ("ALJ") recommendations, and we reversed the order in *Okaloosa County*, directing the Department to issue an order adopting the recommendations. This the Department did. The August 14, 2014, final order on remand provides, *inter alia*:

> 4. Revised assessments of actual costs for fiscal year 2008-2009 for Hernando, Miami-Dade and Broward Counties are as follows:
>
> (a) Hernando ($277,111);
> (b) Miami-Dade ($7,947,245); and
> (c) Broward ($4,845,144).

The Department concluded the order with a footnote informing the counties that:

> No moneys were appropriated for Fiscal Year 2014/2015 to credit counties. Some counties continue to pursue credits or refunds for past fiscal years. Only the Legislature has the power to cure such complaint.

Similar to the claim in *Pinellas County*, the gravamen of Broward County's complaint is that the Department has incorrectly failed to apply a $4.8 million FY 2008/09 overpayment credit toward the county's future cost-sharing obligation. But as we concluded in the other case, the actual crediting of overpayments is a matter outside our *Okaloosa County* decision and mandate.

> While this issue is, in our view, a critical matter needing resolution sooner rather than later, whether by declaratory action, or by the Department's agreement to seek necessary appropriations, or by some other vehicle—indeed, according to counsel for the Department during oral argument, total creditable or reimbursable overpayments from FY 2008/09 forward, when

3

calculations are complete, will be "truly staggering numbers," reaching "at least" $40 million—it is not one for us to resolve in this appeal. The DOAH recommended order we affirmed and directed the Department to adopt was limited to correcting the juvenile detention cost-sharing calculations for FY 2008/09; it made no recommendation concerning credits for or reimbursements of overpayments.

*Pinellas County*, No. 1D14-4187, slip op. at 6. The Department's final order on remand adopted the ALJ's recommendations, as we directed, and "[a]ny action or inaction by the Department beyond that is simply not ripe for our consideration in this appeal." *Id*. at 7. For this reason, we affirm the order on appeal.

AFFIRMED.


THOMAS, J., CONCURS; KELSEY, J., DISSENTS WITH OPINION.

KELSEY, J., dissents with opinion.

I respectfully dissent for the reasons expressed in my dissenting opinion in <u>Pinellas County v. Florida Department of Juvenile Justice</u>, Case No. 1D14-4187 (Fla. 1st DCA Dec. 4, 2015).